**In re FULWOOD ENTERPRISES, INC., d/b/a Fulwood Farms, Ronnie D. Fulwood, and Glinda Fulwood, Debtors.**

Bankruptcy Nos. 82–0818–8P1, 82–0923–8P1.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Jan. 7, 1993.

See also 112 B.R. 461.

Barbara Browning, Trustee.

Thomas Rydberg, Esq., Tampa, FL, for Trustee.

Jeffrey Warren, Tampa, FL, for Creditors' Committee United States Trustee.

ORDER DENYING REQUEST FOR PAYMENT OF ADMINISTRATIVE EXPENSES AND ESTABLISHMENT OF PRIORITY FILED ON FEBRUARY 21, 1984 BY LEROY GONZALEZ, JR.

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 case commenced by a voluntary Petition of Relief filed by Fulwood Enterprises, Inc., d/b/a Fulwood Farms, Ronnie D. Fulwood and Glinda Fulwood (Debtors) on April 27, 1982. The matter under consideration is a Request for Payment of Administrative Expenses and Establishment of Priority filed on February 21, 1984, by LeRoy Gonzalez, Jr. (Gonzalez). Gonzalez seeks reimbursement as administrative expense for $60,000.00 he claims to have advanced to the corporate Debtor during the Chapter 11 proceeding to enable the Debtor to pay its payroll taxes. It is Gonzalezs' contention that the loan was made at the Debtor's request and was necessary for the Debtor to continue its business. An Objection was filed by the Trustee on March 15, 1984. The Trustee's objection to the payment is based on the following: (1) Gonzalez should not be able to collect on the debt because the loan was usurious; (2) Gonzalez failed to obtain Court approval of the loan and thus this Court should not grant nunc pro tunc approval of the loan; (3) The loan was made to individuals and not to Fulwood Enterprises, Inc.; and (4) Even if Fulwood Enterprises was indebted to Gonzalez, it should be credited $5,000.00 for a check cashed by Gonzalez.

The procedural background relating to the matter under consideration, as appears from the record, can be summarized as follows:

On August 11, 1983, this Court entered an Order which revoked the Debtor's previously-granted authorization to continue to operate its business and appointed Logan D. Browning as Trustee pursuant to § 1104 of the Bankruptcy Code. On September 7, 1983, this Court entered an Order and authorized the Trustee to continue to operate the Debtors' business. On September 12, 1983, the Official Creditors Committee filed a Plan of Reorganization and Disclosure Statement, which was superseded by a Joint Plan of Reorganization and Disclosure Statement filed by the Debtor on February 10, 1984. The February 10th Joint Plan, in turn, was superseded by the Debtor's Amended Joint Plan filed on May 14, 1984. On September 19, 1984, an Amended Disclosure Statement and Amended Plan was filed, and on October 18, 1984, this Court entered an Order confirming the Plan of Reorganization.

Several years later, Logan D. Browning, the Trustee (Trustee), died, and this Court appointed his wife, Barbara Browning, as successor Trustee on August 2, 1991. Ms. Browning was directed to complete the consummation of the confirmed Chapter 11 Plan without further delay. After Ms. Browning completed the administration of the Plan and resolved all adversary matters necessary for closing the case, it became apparent that Gonzalezs' Request for Payment of Administrative Expenses, filed more than eight years ago, had never been acted upon. It is without dispute that no order was ever entered on the Request which either granted or denied the payment of administrative expenses to Gonzalez.

In order to complete the administration of the estate, this Court scheduled a hearing for September 23, 1992. On September 23, 1992, the Trustee filed a Motion for Continuance, which this Court granted, rescheduling the hearing for November 25, 1992.

Gonzalez contends that in April, 1983, after the commencement of the Chapter 11 case, he loaned Ronnie Fulwood (Fulwood), a principal of the corporate Debtor, a total dollar amount of $60,000.00, over two installments, at Fulwood's request. The first installment, in the amount of $25,000.00, was paid, according to Gonzalez, on May 1, 1983, and the second installment, in the amount of $35,000.00 on June 1, 1983. These loans were made to enable the Debtor to pay accrued payroll taxes which remained unpaid post-petition. Gonzalez admits that when he made these loans to the Debtor, he knew of the pendency of the Chapter 11 case. Gonzalez contends, however, that he was not aware of the fact that a Debtor must obtain permission from the Court to borrow funds. He further contends that since the monies were paid on the Debtor's payroll tax obligation, a properly charged cost of administration, he is entitled to step into the shoes of the Government and enjoy the same priority status as the Government could have had pursuant to § 503(b)(1)(B)(i).

Based on the foregoing, Gonzalez contends that he is entitled to have these al-leged loans to this corporate Debtor recognized by virtue of § 503(b)(1)(B) of the Bankruptcy Code, and granted first priority pursuant to § 507(a)(1) of the Bankruptcy Code. The evidence supporting this request reveals that on May 1, 1983, Ronnie Fulwood and Glinda Fulwood, as individuals, signed a promissory note payable to Gonzalez in the face amount of $25,000.00. (Claimant's Exh. #1). This transaction purported to be evidenced by a copy of a check signed by Glinda Fulwood and written on a corporate account in the amount of $35,000.00 on June 31, 1983, and a second check also signed by Glinda Fulwood and written on the same corporate account in the amount of $30,000.00 on June 6, 1992. Both checks were payable to Leroy Gonzalez. (Claimant's Exh. #2). The promissory note signed by the Fulwoods agreed to repay, within thirty days, the total sum of $25,000.00 with 20% interest. (Claimant's Exh. #1). According to Gonzalezs' corporate income tax form filed in 1983, he wrote off the $60,000.00 which he allegedly loaned to the corporation as a Bad Debt deduction and claimed it as short-term Capital Loss. (Claimant's Exh. #3). According to the testimony of the C.P.A. employed by the Trustee, the corporate Debtor made a payment of $5,000.00 to Gonzalez on July 11, 1983. This payment was drawn on the corporate account and made payable to Leroy Gonzalez. (Debtor's Exh. #1). This $5,000.00 check was the only cancelled check available when the check register indicated the following: On June 6, 1983, a check was drawn on the corporate account in the amount of $30,000.00, payable to Leroy Gonzalez, with the descriptive legend "Repayment of Loan $25,000.00; Interest $5,000.00." On June 31, 1983, another check was drawn on the corporate account in the amount of $35,000.00, also payable to Leroy Gonzalez, with the descriptive legend "Loan Repayment $30,000.00; Interest $5,000.00." (Debtor's Exhibit #2). As noted earlier, the original checks are not available. Moreover, it appears that Gonzalez loaned additional monies to Ronnie Fulwood, the principal of the Debtor corporation. Although Gonzalez insists that his loans were made to the corpo-

rate Debtor, he repeatedly stated that he loaned the monies to "him" in order to help him out of his tax problem with the Internal Revenue Service. As noted earlier, the Debtor neither sought leave from this Court to borrow these funds, nor was an Order entered authorizing him to borrow these funds. Since February 21, 1984, when he filed this Request for Payment, Gonzalez has taken no steps to pursue this matter seriously or to demand repayment of these so-called loans which he now claims should be properly charged as costs of administration.

In opposing this Request, it is the Trustee's position that: first, these so-called loans were not authorized; and second, if they were authorized, they were made to the individuals, Ronnie and Glinda Fulwood, and, therefore, have been repaid by the Debtors.

 It needs no elaborate discussion that the burden of proof is on the party who is claiming the administrative expense. *See, In re Highland Group, Inc.*, 136 B.R. 475, 481 (Bankr.N.D.Ohio 1992); *citing, Woods v. City National Bank & Trust Co.*, 312 U.S. 262, 268, 61 S.Ct. 493, 497, 85 L.Ed. 820 (1941). The presumptive validity accorded to a filed or a properly-scheduled claim by F.R.B.P. 3003 is not applicable to a request for payment of administrative expenses. *Cf.* F.R.B.P. 3003; 11 U.S.C. § 503. Thus, the burden is on the moving party to establish first, that there is a valid claim, and second, whether or not that claim should be charged as a cost of administration under § 503 of the Bankruptcy Code. It is equally beyond serious dispute that: (1) the authorization granted to a Chapter 11 Debtor under § 1108 of the Bankruptcy Code to continue to operate a business does not include the authority to borrow and incur post-petition debts in the ordinary course of business, except only after notice of hearing; and (2) general unsecured post-petition loans made to the debtor cannot be recognized as costs of administration unless they were authorized by the corporation pursuant to § 364(b) of the Bankruptcy Code. *See,* 11 U.S.C. § 364.

 Considering this record, and in light of the foregoing, this Court is satisfied that: (1) these loans were never authorized, even if they were made; (2) there is serious doubt, and the evidence is in equal balance, as to whether these loans were made to the Debtor Corporation or to the individuals, Ronnie Fulwood and Glinda Fulwood; and (3) it is unclear and the evidence does not support the movant's proposition that these debts, if in fact incurred by the Debtor, were not repaid. There is sufficient evidence in this record to permit the inference that these loans were in fact repaid. Yet, even assuming that the loans made to the Debtor corporation were not repaid, the delay in pursuing this request for payment by Gonzalez at the very last hour of this ten year old Chapter 11 case certainly, while not barred by any rules, would be barred by laches and therefore, cannot be recognized.

Based on the foregoing, it is

ORDERED, ADJUDGED AND DECREED that the Request for Payment of Administrative Expenses and Establishment of Priority filed on February 21, 1984, by LeRoy Gonzalez, Jr. is hereby denied.

DONE AND ORDERED.