**In re Arno J. BERTELT, Debtor.**

**Bankruptcy No. 94–4910–8G3.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Dec. 17, 1996.

See also: 206 B.R. 579.

Arno J. Bertelt, Tampa, FL, pro se.

Terry E. Smith, Trustee, Bradenton, FL.

John A. Galotto, U.S. Dept. of Justice, Washington, DC, for U.S.

## ORDER OVERRULING OBJECTION TO AMOUNT OF CLAIM OF INTERNAL REVENUE SERVICE

PAUL M. GLENN, Bankruptcy Judge.

**THIS CASE** came before the Court to consider the Objection to Amount of Claim of Internal Revenue Service filed by the Debtor, Arno J. Bertelt. The Objection initially related to Claim No. 4 filed by the Internal Revenue Service (IRS) in the amount of $39,736.96. The United States of America filed a Response by United States to Debtor's Objection to Claim. After the Objection and Response were filed, but before the hearing scheduled in the contested matter, the IRS filed an Amended Claim in the reduced amount of $29,936.60 (Claim No. 6). At the hearing, the Debtor and the United States acknowledged that the objections of the

Debtor and the responses of the United States would apply to the Amended Claim of the IRS.

## Background

The Debtor filed his petition under Chapter 13 of the Bankruptcy Code on May 18, 1994. On his Schedule of Liabilities filed with the petition, the Debtor listed the District Director of the Internal Revenue Service as a priority creditor in an unknown amount. The consideration for the scheduled claim was described as federal income taxes and penalties for the six years commencing in 1988 and ending in 1993. The claim was listed as contingent, unliquidated, and disputed. The Debtor also filed a Statement of Current Income which reflects that the Debtor had been employed by Northwest Airlines for nine and one-half years prior to the filing of the petition, and received a salary from Northwest of more than $41,000 per year.

On September 19, 1994, the IRS filed a Proof of Claim in the Chapter 13 case in the amount of $39,736.96. In its Proof of Claim, the IRS asserted a secured claim in the amount of $2,822.00, an unsecured priority claim in the amount of $13,440.07, and a general unsecured claim in the amount of $23,474.89. The attachments to the claim reflect that it is based on income taxes for 1988, 1989, 1990, 1991, 1992, and 1993.

On November 1, 1994, the Debtor filed an Objection to Claim of Internal Revenue Service. In this Objection, the Debtor asserted primarily that no statute exists which establishes an income tax or creates a liability based on an income tax, and also that the Debtor has received no income that is taxable. This Objection, therefore, was directed to the Debtor's liability on the claim, rather than the specific amounts set forth in the proof of claim. On May 4, 1995, this Court entered an Order on Objection to Claim of Internal Revenue Service. In this Order, the Court found (1) that Title 26 of the United States Code (the Internal Revenue Code) imposes a tax on an individual's taxable income; (2) that taxable income is defined as gross income less allowed deductions; (3) that gross income is defined to include compensation for services; and (4) that the salary or wages that the Debtor received from Northwest Airlines constituted compensation for services within the definitions of the Internal Revenue Code. *In re Bertelt*, 184 B.R. 603 (Bankr.M.D.Fla.1995). Consequently, the Court overruled the Debtor's objection to the claim of the Internal Revenue Service to the extent that the Debtor contested liability for income taxes in general, and allowed the Debtor to file a renewed objection to the specific amounts of the claim.

On May 24, 1995, the Debtor filed an Objection to Amount of Claim of Internal Revenue Service (the Objection). In this Objection, the Debtor asserts:

1. The claim is based on taxes estimated by the Internal Revenue Service pursuant to returns prepared by the IRS, when in fact the Debtor has filed tax returns showing that the amount of his liability is "zero." (Objection, Paragraphs 1, 2).

2. The claim does not identify the specific statutory provisions and regulations upon which the taxes are based. (Objection, Paragraph 3).

3. The amount set forth in the claim relating to taxes due for 1992 conflicts with the amount in the Substitute for Return prepared by the IRS. (Objection, Paragraphs 4, 5, 6).

4. The Notices of Federal Tax Liens filed with the Clerk of the Circuit Court in Hillsborough County were not certified, as required by Florida Statute 713.901(4), were not executed by an authorized representative of the IRS, and do not cite any specific statutory provisions and regulations which authorize the taxes. (Objection, Paragraphs 7, 8, 9, and 10). In fact, the Debtor further alleges that no such provision exists which authorizes the filing of the Notices. (Objection, Paragraph 11).

5. The claims are invalid because the Debtor never received a Notice of Deficiency or Notice and Demand for Payment. (Objection, Paragraphs 12, 13, and 14).

6. The assessment dates reflected on the Notices of Federal Tax Lien conflict with the assessment dates on the claim. (Objection, Paragraph 15).

7. The provisions of the Internal Revenue Code cited by the IRS, and by the Court in its prior Order, as authority for the imposition of an income tax do not have any corresponding regulations which implement them. (Objection, Paragraphs 16, 17, 18, 19, 20, 21, and 22). According to the Debtor, the implementing regulations to the cited statutes apply only to taxes related to Alcohol, Tobacco, and Firearms. (Objection, Paragraphs 17, 19). Absent such implementing regulations, the statutory provisions cannot be enforced. (Objection, Paragraph 23).

8. Form 1040 is not an approved information gathering form according to the Code of Federal Regulations. (Objection, Paragraphs 24, 25).

9. Neither the Department of Treasury nor the IRS has published the requirement to file an income tax return in the Federal Register as required by the Code of Federal Regulations, with the result that no enforceable obligation exists to file such a tax return. (Objection, Paragraph 26).

In his Objection, the Debtor requests that this Court enter an order determining that the amount of his tax liability is zero, directing the IRS to refund any taxes actually collected or withheld from the Debtor, and expunging from the public records any liens asserted by the IRS.

On June 15, 1995, the IRS filed a Response to the Debtor's Objection to Amount of Claim. In its Response, the IRS contends that the Objection is merely another attempt by the Debtor to contest his liability to the IRS, rather than the amount of the tax, and that the Court has already determined the issue of liability. The IRS also contends that the amount set forth in its Proof of Claim is correct, including the portion of the claim based on the taxes due for 1992.

After the Objection and Response were filed, but before the hearing, the IRS filed an Amended Claim in the reduced amount of $29,936.60. The difference between the original claim and the Amended Claim is attributable to a reduction (from $9,318.00 to $2,615.00) in the amount claimed for the Debtor's 1992 income tax liability, together with corresponding reductions in the amount of interest (from $739.00 to $207.40) and penalties (from $3,782.37 to $1,216.61) associated with the 1992 taxes. At the hearing, the Debtor and the United States acknowledged that the objections of the Debtor and the responses of the United States would apply to the Amended Claim of the IRS.

### Objections to Amounts Claimed

■ The Debtor's first objection to the amount of the claim of the IRS appears to be based on the fact that he filed returns showing "0.00" as income for the years in question, and the IRS has estimated the taxes for those years.

The Debtor attached copies of his tax returns for the years in question. On each of these returns, the Debtor shows his salary or wages as "0.00," and his adjusted gross income as "0.00." An explanatory statement is attached to each of the returns, in which the Debtor states the following as the basis for his claim of "zero" income:

> It should also be noted that I had "zero" income according to the Supreme Court's definition of income (Note 1), since in *Merchant's [Merchants'] Loan & Trust Company v. Smjetanka [Smietanka]*, 255 U.S. 509 [41 S.Ct. 386, 65 L.Ed. 751] (1921, at pages 518 & 519[, 41 S.Ct. at 388 & 388–89]) the Court held . . . .

> Note 1. The word "income" is not defined in the Internal Revenue Code, *U.S. v. Ballard*, 535 F.2d 400, 404 [ (8th Cir.1976) ] but, as stated above, it can only be a derivative of corporate activity.

The Debtor's Schedule I shows that he was employed by Northwest Airlines, Inc. for each of the years in question. The Debtor's schedules also show that he receives wages or salary from his employer.

Therefore, these contentions with respect to the amount of the taxes claimed are the same contentions which the Debtor made in his earlier objection regarding liability for the taxes claimed. The Court previously found no basis for the Debtor's assertion that he had "zero" income, and no basis for his assertion that he had no tax liability. *See In re Bertelt*, 184 B.R. 603 (Bankr.M.D.Fla. 1995).

The Debtor also asserts that the amounts in the claim relating to liabilities for 1992 differ from the amounts shown in a document entitled "Income Tax Examination Changes" prepared earlier by the IRS. A copy of the "Income Tax Examination Changes" is attached to the Objection.

The Amended Claim of the IRS appears to respond to this assertion. The tax liability for 1992 shown in the Amended Claim ($2,615.00) is substantially less than the amount in the original claim ($9,318.00), and is the same amount as is shown in the "Income Tax Examination Changes." The interest and penalties in the Amended Claim have also been adjusted downward.

Accordingly, the Debtor's objections to the amounts claimed by the IRS have been either (1) overruled by the Court in its earlier order, or (2) addressed by the Amended Claim of the IRS.

### Objections to Liability

The balance of the Debtor's objections are not directed to the amount of the taxes, interest, or penalties claimed by the IRS. The focus of the remaining objections is, as before, the assertion that, for any number of reasons, the Debtor is not liable for the taxes or other amounts claimed. These objections include: (1) objections to the statutory imposition of the taxes; (2) objections regarding the regulations which implement the tax statutes; and (3) objections to the forms and procedures utilized in applying the statutes and regulations and in making the claim. The Debtor has made these objections to liability notwithstanding the Court's prior determination that the claim of the IRS with respect to the Debtor's liability for taxes is valid. Accordingly, the balance of the Debtor's objections should be overruled.

### A. Objections to the statutory imposition of taxes.

█ Cases which have recently considered challenges to the imposition of an income tax liability have unanimously held that such a tax is validly imposed under the United States Code. In *In re Angstadt*, 1994 WL 455062 (Bankr.E.D.Pa.), a Chapter 13 debtor objected to a claim filed by the IRS on the basis that the IRS did not have the power to enforce the tax and also on the basis that the debtor was not subject to an income tax. The Bankruptcy Court held that the federal income tax exists and that it applies to all individuals or citizens of the United States. *In re Angstadt*, at 5, 7. The Bankruptcy Court also held that the relevant provisions of the Internal Revenue Code are not restricted to matters concerning the use of alcohol, tobacco, and firearms, and that the IRS is authorized to file substitute returns for recalcitrant taxpayers pursuant to 26 U.S.C. § 6020(b). *Id.* at 7–8. Significantly, the Court concluded that "[a]lthough the ultimate burden of proving the validity of the amount of its Claim may have fallen on the IRS in the face of presentation of evidence of the Claim's invalidity by the Debtors, ... we found that the Debtors have produced no evidence tending to disprove the validity of the IRS's claim." *Id.* at 10.

In *In re Eilertson*, 1995 WL 790065 (Bankr.D.S.C.), a Chapter 11 Debtor had not filed income tax returns for the years commencing in 1987 and continuing through 1994, and the IRS had assessed a tax deficiency for five of those years. The Bankruptcy Court dismissed the case for lack of good faith, finding that "the United States Code imposes a duty to file federal income tax returns." In reaching this decision, the Court quoted *In re Morimoto*, 171 B.R. 85 (9th Cir. BAP 1994), a case which sustained the "requirements of the Internal Revenue Code that an individual must file federal income tax returns regarding any earned wages." *Morimoto* in turn cited *Lonsdale v. U.S.*, 919 F.2d 1440 (10th Cir.1990) and *Lovell v. U.S.*, 755 F.2d 517 (7th Cir.1984) as invalidating numerous arguments contesting the imposition of a tax liability and finding that all individuals are subject to the federal income tax.

### B. Objections regarding the regulations that implement the tax statutes.

█ The Debtor has cited three cases in support of his proposition that the relevant provisions of the Internal Revenue Code are unenforceable because no regulations exist which implement them. The three cases are not on point, however, and may not even

stand for the proposition suggested. *California Bankers Association v. Shultz,* 416 U.S. 21, 94 S.Ct. 1494, 39 L.Ed.2d 812 (1974), for example, stems from an action to enjoin the enforcement of the Bank Secrecy Act. The Debtor quotes this opinion as noting that "the Act's civil and criminal penalties attach only upon violation of regulations promulgated by the Secretary." It is apparent, however, that the Supreme Court's observations and rulings in *California Bankers* interpreted only the particular scheme created under the Bank Secrecy Act and the specific delegation of authority under that Act.

Next, the Debtor cites *Caha v. United States,* 152 U.S. 211, 14 S.Ct. 513, 38 L.Ed. 415 (1894). *Caha,* an 1894 case arising from an appeal of a perjury conviction, confirms that governmental departments have the power to issue regulations under statutory grants of authority. The provision attributed by the Debtor to *Caha* does not appear to be an actual quotation from the case. Regardless of the misquote, however, *Caha* nowhere finds or suggests that a statute itself is not enforceable without a corresponding regulation issued by such a governmental department.

Finally, the Debtor cites *United States v. Mersky,* 361 U.S. 431, 80 S.Ct. 459, 4 L.Ed.2d 423 (1960). *Mersky* involved alleged violations of the Tariff Act and associated regulations. The Debtor quoted provisions from this case to the effect that neither the Tariff Act nor the regulations are complete standing alone, but instead must work together to have force. Provisions in the same paragraph, however, counter the proposition urged by the Debtor:

> An administrative regulation, of course, is not a "statute." While in practical effect regulations may be called "little laws," they are at most but off-spring of statutes. Congress alone may pass a statute.... But it is the statute which creates the offense of the willful removal of the labels of origin and provides the punishment for violations.

Rather than finding that a statute has no effect absent an associated regulation, therefore, the Supreme Court considered the statute to be the source of legal rights, remedies, and sanctions.

None of the cases cited by the Debtor deals with the Internal Revenue Code or the statutory framework which imposes an income tax on citizens of the United States.

## C. Objections to the forms and procedures used by the IRS.

In *Brewer v. U.S.,* 764 F.Supp. 309 (S.D.N.Y.1991), the taxpayer argued that the failure of the IRS to publish the Form 1040 violates the Federal Register Act and the Administrative Procedure Act. In response to this argument, the court quoted *Lonsdale v. United States,* 919 F.2d 1440 (10th Cir. 1990):

> The tax laws, including their administration and enforcement by the Internal Revenue Service, a division of the Department of Treasury, are probably the best publicized and indexed area of federal law, consisting of a separate title of the United States Code, and the Code of Federal Regulations, Title 26 (spanning eighteen volumes), plus extensive commercial compilations and explanations.

*Brewer,* 764 F.Supp. at 316, quoting *Lonsdale,* 919 F.2d at 1447. According to the court, the publication of the form in the Federal Register would not provide any additional notice to the public.

The court in *Brewer* also addressed the taxpayer's contention that the instructions which accompany Form 1040 and the regulations requiring taxpayers to file returns do not reflect a current control number issued by the Office of Management and Budget, as required by the Paperwork Reduction Act for "information collection requests" from a federal agency. The court found that neither the form nor the regulation are "information collection requests" within the meaning of the Paperwork Reduction Act. "Moreover, the requirement to file a tax return is mandated by statute, not by regulation, and the Paperwork Reduction Act does not apply to statutes." *Brewer,* 764 F.Supp. at 316 n. 4.

Also in *Brewer,* the taxpayer challenged the manner in which the IRS assessed taxes against him. The Court found that the Unit-

ed States is permitted under 26 U.S.C. § 6020(b) to prepare and file substitute returns for an individual who has failed to do so. *Brewer,* 764 F.Supp. at 316.

In *In re Rosemiller,* 188 B.R. 129 (Bankr. D.N.J.1995), a Chapter 13 debtor had objected to a claim filed by the IRS and asserted nine separate violations of form and procedure by the IRS. The Court overruled the debtor's objection to the claim and found, in response to the debtor's assertion that the substitute returns had not been signed by an authorized representative of the IRS, that the Secretary of the IRS generally may delegate his responsibilities to sign IRS documents. *In re Rosemiller,* 188 B.R. at 136.

 The Debtor argues that he does not owe the tax because he never received a Notice of Deficiency or a Notice and Demand for payment as required by 26 U.S.C. §§ 6155 or 6353. However, the requirements for the filing of returns and the payment of the tax by individuals are clearly contained in other sections of the Internal Revenue Code, identified in the Court's order dated May 4, 1995. Whether or not the IRS issued a Notice and Demand for payment does not affect a taxpayer's liability for a tax obligation. Although such a failure may affect the enforceability of an administrative lien, and is essential in administrative collection actions, the taxpayer remains liable for the amount assessed. *United States v. Chila,* 871 F.2d 1015 (11th Cir.1989); *Crowd Management Services, Inc. v. United States,* 792 F.Supp. 87 (D.Or.1992); *Blackston v. United States,* 778 F.Supp. 244 (D.Md.1991).

 Similarly, whether the Notices of Federal Tax Liens which were filed were certified, signed, or otherwise procedurally or substantively defective has nothing to do with the Debtor's liability for the taxes. The Debtor's liability for the taxes is independent of any liens which may have arisen or been perfected. Further, the Debtor has commenced an adversary proceeding to determine the validity and extent of these liens, and such determination should be reached in the adversary proceeding, as contemplated by Rule 7001 of the Federal Rules of Bankruptcy Procedure.

 The Debtor asserts that the claim is not valid because the claim does not identify the specific statutory provisions and regulations upon which the taxes are based. However, the claim states the nature of each liability, the year for which each liability is due, and the amount of each liability. As discussed below, the Amended Claim complies with the requirements of the Bankruptcy Rules, and is prima facie evidence of its validity. It is not necessary that the form of claim show the specific statutory provisions and regulations upon which the taxes are based.

### Conclusion

Rule 3001(a) of the Federal Rules of Bankruptcy Procedure provides that "A proof of claim is a written statement setting forth a creditor's claim. A proof of claim shall conform substantially to the appropriate Official Form." Rule 3001(f) of the Federal Rules of Bankruptcy Procedure provides that "A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim."

The burden of proof with respect to claims and objections to claims is well-established:

Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is "prima facie" valid. *In re Holm,* 931 F.2d 620, 623 (9th Cir. 1991) (quoting 3 L. King, *Collier on Bankruptcy* § 502.02, at 502–22 (15th ed. 1991)). In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. The burden of going forward then shifts to the objector to produce evidence sufficient to negate the prima facie validity of the filed claim. It is often said that the objector must produce evidence equal in force to the prima facie case. *Id.; see In re Windsor Communications Group, Inc.,* 45 B.R. 770, 773 (Bankr. E.D.Pa.1985). In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency.

**594**

*In re Allegheny International, Inc.,* 954 F.2d 167, 173–74 (3rd Cir.1992). See also *In re Fullmer,* 962 F.2d 1463 (10th Cir.1992).

■ The filing of a proper proof of claim is prima facie evidence of the validity and amount of the claim in accordance with Rule 3001(f) of the Bankruptcy Rules. Consequently, if a claim is properly filed by the Internal Revenue Service, the debtor/taxpayer has the burden to overcome the claim of the tax liability. *United States v. Kiester,* 182 B.R. 52 (M.D.Fla.1995). The debtor's burden is significant. An objection does not deprive a claim of its presumptive validity unless it is supported by substantial evidence. *Kahn v. Juniper Development Group,* 510 U.S. 914, 114 S.Ct. 303, 126 L.Ed.2d 251, on remand 174 B.R. 148 (Bankr. D.Mass.1994). Claims are presumed valid, and an objecting party must come forward with affirmative proof to rebut the presumption. *In re Argiannis,* 156 B.R. 683 (Bankr. M.D.Fla.1993); *In re Fulwood Enterprises, Inc.,* 149 B.R. 712 (Bankr.M.D.Fla.1993).

■ In this case, the Amended Claim conforms substantially with Form 10 of the Official Bankruptcy Forms. An attachment to the Amended Claim identifies for each component of the claim (1) the kind of tax, (2) the tax period, (3) the date of assessment, and (4) the specific amount of each tax, plus the penalties and interest. The claim was executed and filed in accordance with the Bankruptcy Rules, and therefore is prima facie evidence of its validity.

■ The Debtor has not presented affirmative evidence of the claim's invalidity. This Court previously upheld the validity of the claim with respect to the Debtor's tax liability in the Order entered on May 4, 1995, and the Debtor has presented no new compelling arguments to alter that conclusion. The tax returns filed by the Debtor, copies of which are attached to the Objection, disclose the Debtor's name, address, and social security number, but otherwise state that the Debtor's total income was "zero" for each tax year in question. As indicated above, however, the Debtor disclosed in his bankruptcy filings that he has been regularly employed by Northwest Airlines for more than nine and one-half years and has received wages or salary as a result of his employment. The tax returns are not affirmative proof that the claim is invalid and that the Debtor's actual tax liability is "zero." Further, pursuant to 26 U.S.C. § 6020(b), the IRS may prepare a return on behalf of a person who "makes, willfully or otherwise, a false or fraudulent return," so that substitute returns filed by the IRS constitute valid bases for the IRS's claim.

In view of the itemization of each tax contained in the claim, it is insufficient merely to assert that the IRS has not cited specific statutes to justify the taxes. The Debtor's arguments do not establish the invalidity of the claim, and the objections should be overruled.

Accordingly:

**IT IS ORDERED** that:

1. The Objection to Amount of Claim of Internal Revenue Service filed by the Debtor, Arno J. Bertelt, is overruled.

2. Claim Number 4 of the Internal Revenue Service is disallowed, as superseded and amended in its entirety by Claim Number 6.

3. Claim Number 6 of the Internal Revenue Service is allowed as filed in the amount of $29,936.60.