In re Arno J. BERTELT, Debtor.

Bankruptcy No. 94–4910–8G3.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

May 4, 1995.

Arno J. Bertelt, Tampa, FL, pro se.

Brian L. Schwalb, Mary Apostolakos Hervey, U.S. Dept. of Justice, Washington, DC, for I.R.S.

Terry Smith, Chapter 13 Trustee, Bradenton, FL.

## ORDER ON OBJECTION TO CLAIM OF INTERNAL REVENUE SERVICE

PAUL M. GLENN, Bankruptcy Judge.

**THIS CASE** came on for hearing on the Objection to Claim of Internal Revenue Service filed by Arno J. Bertelt (the "Debtor") and the Response to Objection to Claim filed by the United States of America. The Internal Revenue Service ("IRS") filed a proof of claim in the amount of $39,736.96 for unpaid taxes and penalties assessed against the Debtor and the Debtor objects to the entire claim based on his belief that he does not have an income tax liability.

On May 18, 1994, the Debtor filed his Voluntary Petition for Relief pursuant to Chapter 13 of the Bankruptcy Code. On his Statement of Financial Affairs, the Debtor shows that he received wages in the gross amounts of $41,302.00 for 1992, $41,601.00 for 1993, and $13,714.00 for the portion of 1994 to the date of filing the petition. On Schedule I, the Debtor shows that he has been employed by Northwest Airlines, Inc., for 9½ years, and that his current monthly gross wages, salary, and commissions are $2,643.33. On Schedule E, the Debtor lists the IRS as an unsecured priority creditor for Federal income taxes and penalties for 1988, 1989, 1990, 1991, 1992, and 1993, for unknown amounts for each of those years. The Debtor schedules the claim of the IRS as contingent and unliquidated, and as disputed. Debtor's Schedule I shows that he is married and living with his spouse, although she is not a joint debtor.

On May 27, 1994, the Clerk of the Court issued a Notice of Commencement of Case under Chapter 13 of the Bankruptcy Code, Meeting of Creditors, and Fixing of Dates, establishing September 19, 1994, as the deadline for creditors to file proofs of claim. On September 19, 1994, the IRS filed a proof of claim in the total amount of $39,736.96, of which the secured portion is $2,822.00, the unsecured priority portion is $13,440.07, and the unsecured general portion is $23,474.89.

On October 18, 1994, the Debtor filed an Objection to Claim of the Internal Revenue Service which was overruled by the Court on

October 20, 1994, for improper service. On November 1, 1994, the Debtor filed a second Objection to Claim of Internal Revenue Service. The Debtor asserts that the term income is not defined in the Internal Revenue Code, that cases define income to be a derivative of corporate activity, that he received no income that is taxable as defined by the courts and, therefore, he has no income tax liability to the IRS. The Debtor claims that there is no statute in the Internal Revenue Code that establishes such a thing as an income tax liability or requires the Debtor to file income tax returns and/or to pay income taxes. The Debtor asserts that he sent three separate letters to the District Director of the IRS in Jacksonville, Florida, requesting a copy of the record of assessment for the individual income tax years of 1988, 1989, 1990, 1991, 1992, and 1993, and that he sent a similar letter to the Secretary of the Treasury, Lloyd Bentsen, in Washington, D.C. As of the date he filed his objection, the letters have gone unanswered, which he claims supports the fact that no income tax liability exists. The Debtor also argues that Notices of Federal Tax Liens filed on February 14, 1994, April 6, 1994, and April 12, 1994, in Hillsborough County, Florida, were improperly filed and do not constitute valid liens against the property of the Debtor.

On November 22, 1994, the IRS filed a Response to Objection to Claim. The IRS states that its claim reflects the income taxes it believes to be due and owing for the years 1988, 1989, 1990, 1991, 1992, and 1993. The IRS asserts that the proof of claim was filed in accordance with the Federal Rules of Bankruptcy Procedure and therefore constitutes prima facia evidence of the validity and amount of its claim against the Debtor, citing Fed.R.Bankr.P. 3001(f). The IRS also asserts that the Debtor raises "tired, tax protestor arguments that should be summarily dismissed by the court."

At the preliminary hearing, both parties agreed that the Debtor's objection to the Notices of Federal Tax Liens was not material to the objection to the proof of claim at this time, and that the issue before the Court is whether or not a statute or statutes impose a tax liability on the Debtor.

A tax is imposed under the following statutes:

26 U.S.C. § 1. Tax imposed

. . . . .

**(d) Married individuals filing separate returns.**—There is hereby imposed on the taxable income of every married individual (as defined in section 7703) who does not make a single return jointly with his spouse under section 6013, a tax determined in accordance with the following table:

[table omitted]

This section imposes a tax on the taxable income of every married individual who does not make a single return jointly with his spouse. The Debtor indicates in his Schedule I that he is married. Therefore, if the Debtor does not make a single return jointly with his spouse, a tax is imposed on his taxable income.

The Debtor and his spouse may make a single return jointly. 26 U.S.C. § 6013(a). If they do this, a tax is imposed by the following section:

26 U.S.C. § 1. Tax imposed

**(a) Married individuals filing joint returns and surviving spouses.**—There is hereby imposed on the taxable income of—

(1) every married individual (as defined in section 7703) who makes a single return jointly with his spouse under section 6013, and

(2) every surviving spouse (as defined in section 2(a)), a tax determined in accordance with the following table:

[table omitted]

Subsection (a) imposes a tax on the taxable income of every married individual who makes a single return jointly with his or her spouse, according to a certain table. This is optional. If the option provided by subsection (a) is not utilized, a tax is imposed by subsection (d) which is not optional.

The Debtor's Schedule I shows that the Debtor is married and that he and his spouse are living together. Even if the Debtor were not married for the entire period covered by the claim of the IRS, 26 U.S.C. § 1(c) clearly

imposes a tax on the taxable income of any individual who is not married.

Accordingly, a tax is clearly imposed on the Debtor's "taxable income."

"Taxable income" is defined in 26 U.S.C. § 63. It has two definitions, one of which applies to individuals who itemize their deductions and the other of which applies to individuals who do not itemize their deductions.

26 U.S.C. § 63. Taxable income defined

(a) **In general.**—Except as provided in subsection (b), for purposes of this subtitle, the term "taxable income" means gross income minus the deductions allowed by this chapter (other than the standard deduction).

(b) **Individuals who do not itemize their deductions.**—In the case of an individual who does not elect to itemize his deductions for the taxable year, for purposes of this subtitle, the term "taxable income" means adjusted gross income, minus—

(1) the standard deduction, and

(2) the deduction for personal exemptions provided in section 151.

For individuals itemizing deductions, the term "taxable income" means "gross income" minus the deductions allowed by Title 26 other than the standard deduction. For individuals who do not itemize their deductions, the term "taxable income" means "adjusted gross income" minus the standard deduction and the deduction for personal exemptions provided in § 151. "Adjusted gross income" is defined in 26 U.S.C. § 62, and means "... in the case of an individual, gross income minus the following deductions...." Accordingly, the definition of "adjusted gross income" is based on "gross income." Therefore, the "taxable income" of individuals who itemize their deductions and individuals who do not itemize their deductions is based on "gross income."

Gross income is defined in 26 U.S.C. § 61.

26 U.S.C. § 61. Gross income defined

(a) **General definition.**—Except as otherwise provided in this subtitle, gross income means all income from whatever source derived, including (but not limited to) the following items:

(1) Compensation for services, including fees, commissions, fringe benefits, and similar items;

.    .    .    .    .

The definition of gross income includes compensation for services. The Debtor's Schedule I filed in this case shows that the Debtor receives the amount of $2,643.33 as "current monthly gross wages, salary, and commissions." The Debtor also shows on Schedule I that he has been employed by Northwest Airlines, Inc., for 9½ years, and in his Statement of Financial Affairs he lists the amounts he has received from his employment as wages. Wages are clearly compensation for services, and therefore fall within the definition of gross income.

■ The Debtor asserts that the Internal Revenue Code is vague because the term "income" is not defined in the Code. The Debtor makes this assertion apparently because the term "income" is a component of the definition of "gross income" ("... all income from whatever source derived ...."). Whether or not the term income is defined further than as described above makes no difference in this case, however, because whatever else it may mean, it clearly and specifically includes compensation for services. "Gross income" means all income including compensation for services. Gross income means "x" and "x" clearly includes compensation for services—other parameters of "x" are not material. The Debtor's schedules show that he has received wages for the last several years. Wages are clearly compensation for services, compensation for services is clearly included in the definition of gross income, gross income is clearly the basis for the determination of taxable income, and a tax is clearly imposed on taxable income.

The Debtor further contends that income, while not defined in the Internal Revenue Code, has been defined by case law to be a derivative of corporate activity (a corporate profit). The Debtor cites the cases of *United States v. Ballard*, 535 F.2d 400 (8th Cir. 1976), *Merchants' Loan and Trust Co. v.*

*Smietanka,* 255 U.S. 509, 41 S.Ct. 386, 65 L.Ed. 751 (1921), and *Doyle v. Mitchell Bros. Co.,* 247 U.S. 179, 38 S.Ct. 467, 62 L.Ed. 1054 (1918).

In the *Ballard* case, the taxpayer claimed that he sustained a business loss, and that the government could not establish its case by mere proof of gross receipts but was required to demonstrate his receipt of income measured by gross receipts less expenses. The focus of this case was principally on 26 U.S.C. § 61(2), and a determination of "gross income derived from business." The court determined that the government made too broad a claim in asserting that gross receipts invariably measure income or gross income, and conversely that the appellant's argument that all business expenses must be deducted from gross receipts to measure income or gross income defined income too narrowly. The case did not deal with wages or with § 61(a)(1).

The issue involved in the case of *Merchants' Loan and Trust Co. v. Smietanka* was whether an appreciation in the value of the capital assets of a trust was income within the meaning of the Sixteenth Amendment to the United States Constitution. The Supreme Court affirmed the determination of the District Court for the Northern District of Illinois that the tax imposed on this was constitutional. This case involved the taxation of a trust, considered gains derived from the sale of corporate stock, and affirmed that such gains were properly considered income. This may be relevant to the inclusion of gains derived from dealings in property in the definition of gross income under § 61(a)(3), but it is not relevant to the case at hand, which deals with compensation for services— a different concept and a different subsection of § 61.

The case of *Doyle v. Mitchell Bros. Co.* involved the taxation of a corporation, and whether the difference between the costs of timber land acquired in 1903 and the fair market value of timber stumpage owned by the company on December 31, 1908, was taxable as income to the corporation in the years 1909, 1910, 1911, and 1912 when it sold the stumpage. The Corporation Excise Tax Act became effective January 1, 1909, so the corporation revalued its stumpage as of December 31, 1908, to an appreciated value. This case presents interesting questions relating to the determination of the basis of assets acquired by a corporation prior to the enactment of a tax act and disposed of after the enactment of the act, and whether the basis can be established as of the effective date of the act or must be the actual cost to the corporation years prior to the enactment of the act. Interesting as it may be, this question has little relevance to the case at hand.

It is true that the cases cited by the Debtor consider income in the business setting. However, there are also cases which consider wages as income. *Biermann v. Commissioner,* 769 F.2d 707 (11th Cir.1985), addresses the issue in this case directly and resolves it clearly. *See also Waters v. Commissioner,* 764 F.2d 1389 (11th Cir.1985).

■ The Debtor further contends that there is no statute in the Internal Revenue Code that establishes the tax liability or requires the Debtor to file income tax returns or pay income taxes, as for example, I.R.C. §§ 4401, 5005, 5703, 4374, 5061(a) and 5703(b) provide with respect to other taxes. The Court has reviewed these sections. Section 4401 imposes a tax on wagers. Section 5005 designates liability for the taxes imposed by § 5001 on distilled spirits. Section 5703 designates liability for the taxes imposed on tobacco products by § 5701. Section 4374 designates liability for the taxes imposed by § 4371 on policies of insurance or reinsurance issued by a foreign insurer or reinsurer. Section 5061(a) establishes a method of collecting the tax imposed on distilled spirits, wines, and beer. Section 5703(b) designates the method of payment of taxes imposed by § 5701. None of these sections, however, impose a tax liability any more clearly than the sections imposing a tax on compensation for services as reviewed above.

■ Additionally, the requirements for the filing of returns and the payment of the tax by individuals are also clear. Returns are required to be made by every individual having gross income which equals or exceeds the

exemption amount. 26 U.S.C. § 6012(a)(1)(A). A husband and wife may make a single return jointly. 26 U.S.C. § 6013(a). Returns are required for gross income for the taxable year. 26 U.S.C. § 6012(a)(1)(A). The amount of any item of gross income shall be included in the gross income for the taxable year in which it is received by the taxpayer. 26 U.S.C. § 451 et seq. Returns made on the basis of the calendar year shall be filed on or before the 15th day of April following the close of the calendar year, and returns made on the basis of a fiscal year shall be filed on or before the 15th day of the fourth month following the close of the fiscal year. 26 U.S.C. § 6072(a). When a return is required, the person required to make such return shall, without assessment or notice and demand, pay such tax at the time and place fixed for the filing of the return. 26 U.S.C. § 6151(a).

These statutes clearly impose a tax on wages, require the filing of returns with respect to the tax, and require payment of the tax. There is no ambiguity.

In summary, the Debtor objects to the claim on the basis that the Internal Revenue Code does not define the term "income". As discussed above, the Internal Revenue Code clearly includes compensation for services in the definition of gross income, uses gross income as the basis for determining taxable income, and imposes a tax on taxable income. The Debtor's wages are compensation for services, and the tax liability is clearly imposed. Accordingly, the claim of the IRS with respect to the Debtor's liability for taxes is valid, and the Debtor's objection should be overruled.

Since the only aspect of the claim considered has been the Debtor's liability for the tax, and not the amount of the claim, the Debtor should have 20 days to file any objections he may have to the amount of the claim.

Therefore:

**IT IS ORDERED** that:

1. The Debtor's Objection to Proof of Claim of the Internal Revenue Service is overruled.

2. The Debtor shall have 20 days from the date of this order to file any objections he may have to the amount of the claim.