**In re William Charles BUSCH and Diane Cluthe Busch, Debtors.**

**Bankruptcy No. 95–9673–8G3.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

June 25, 1997.

William Charles Busch and Diane Cluthe Busch, Tampa, FL, pro se.

Terry Smith, Bradenton, FL, Chapter 13 Trustee.

**ORDER ON OBJECTION TO CLAIM BY DEBTOR AND MOTION BY UNITED STATES TO DISMISS CONTESTED MATTER**

PAUL M. GLENN, Bankruptcy Judge.

**THIS CASE** came before the Court to consider the Objection to Claim filed by the Debtors, William Charles Busch and Diane Cluthe Busch, and the Motion by United States to Dismiss Contested Matter. Both

pleadings relate to a Proof of Claim filed by the Department of Treasury—Internal Revenue Service (IRS) in the Debtors' Chapter 13 case. The Debtors assert that the claim should be disallowed because (1) they are not indebted to the IRS and have not been required to file tax returns; (2) the IRS has not substantiated its claim, and (3) the IRS has not complied with the notice requirements of 26 U.S.C. § 6001, 26 U.S.C. § 6011, and other sections of the Internal Revenue Code. In response, the IRS asserts that the claim is prima facie valid, that it has complied with all procedural prerequisites, and that the Debtors have been notified of the taxes set forth in the claim.

## Background

The Debtors filed their petition under Chapter 13 of the Bankruptcy Code on September 20, 1995. The Debtors did not employ an attorney, and have represented themselves in this case and in this proceeding. On the Statement of Current Income filed shortly after the petition, the Debtor, William C. Busch, disclosed that he had been self-employed in the insurance sales business for six years, and the Debtor, Diane Cluthe Busch, disclosed that she has been employed as a coordinator with Home Shopping Club for two months. The Debtors stated that their joint monthly income is $4,382.51. On the Statement of Financial Affairs, Mr. Busch stated that he had earned $31,791.00 in 1994, and $31,997.00 in 1993, in connection with his insurance business. Mrs. Busch earned $8,088.00 in 1994 and $6,025.00 in 1993 in jewelry sales and employment subcontracting.

The IRS initially filed a proof of claim in the amount of $239,876.35. The attachment to this claim reflects that it is based on income taxes for 1990 through 1994, and on a penalty for the tax period ending on March 31, 1989. The Debtors filed a written objection to the claim and alleged that they are not indebted to the IRS, and that the IRS has not produced the Notice pursuant to 26 U.S.C. § 6001 which notified them of the type of tax assessed and required them to file tax returns. The IRS responded to the objection, and on May 6, 1996, the Court entered an Order Overruling Debtors' Objec-

tion to Claim. This Order overruled the Debtors' objection and allowed them twenty days within which to file an amended objection.

On May 22, 1996, the IRS filed an Amended Proof of Claim in the amount of $283,559.23. The attachment to this claim again reflects that it is based on a penalty for the tax period ending on March 31, 1989, and on income taxes for 1990 through 1994. The attachment further indicates that the taxes for 1993 and 1994 are divided to reflect the separate tax liability of Mr. Busch and Mrs. Busch.

The Debtors filed an objection to the amended claim on June 12, 1996. The allegations contained in this second objection are virtually identical to the allegations contained in the objection to the initial claim of the IRS. The Debtors allege that they are not indebted to the IRS, are not required to file tax returns, and have not been provided with "Notice" pursuant to 26 U.S.C. § 6001 requiring them to file tax returns. The Debtors also filed an "Amended Motion in Response to the Court's Order," and memoranda to support their objection. In the Amended Motion in Response to the Court's Order, the Debtors state that the Internal Revenue Code "describes types or kinds of gross income, without stating the specific transaction, activity, or business from which the gross income is derived," and that the Internal Revenue Code does not state in section 61 that "there is hereby imposed a tax upon such types or kinds of income." In the memoranda, the Debtors state that they filed income tax returns for 1993 and 1994 showing no income. Although these memoranda are extensive, it appears that the Debtors' arguments are summarized in paragraph 1 on page 1 of the Memorandum of Law filed on June 12, 1996:

> The Debtors states [sic] the Proof of Claim is without foundation and merit due to the fact or law that the procedural prerequisites of 26 U.S.C. § 6001, § 6011 and IRS Delegation Orders # 24 have not been followed, nor does the Proof of Claim state the particular type or kind of tax of which the Debtors are being held liable for, nor is there a [sic] implementing Federal Reg-

ulation such as 26 CFR 1.6871–1 under Part I income tax regulations which authorizes the filing of such said Proof of Claim.

At the hearing on the objection, the Debtors further contended that the "authorizing sections" of the Internal Revenue Code are § 6871 and § 6872, but that no enabling or implementing regulations related to these sections are contained in the Code of Federal Regulations to authorize the IRS to enforce the sections. Finally, the Debtors asserted that the failure of the IRS to give them notice pursuant to 26 U.S.C. § 6001 constitutes a denial of due process.

The IRS filed a Motion to Dismiss the Contested Matter and also a Response to the Objection to Claim. In the Motion, the IRS asserted that its proof of claim is prima facie valid, that the Objection does not comply with Local Rule 2.10(a) because it does not state its "legal and factual basis," and that the Debtors have raised only the same objections that previously were overruled.

## Burdens of Proof

█ Rule 3001(f) of the Federal Rules of Bankruptcy Procedure provides that "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." If an objection is filed, the objecting party has the burden of going forward and introducing sufficient evidence to rebut the presumption of validity created under Rule 3001(f). "Such evidence must be sufficient to evidence a true dispute and must have probative force equal to the contents of the claim. Upon introduction of sufficient evidence by the objecting party, the burden of proof must then be met by the claimant by a preponderance of the evidence." 8 *Collier on Bankruptcy* 15th ed. § 3001.05 (1996). "The burden of proof is on the objecting party to produce evidence 'equivalent in probative value to that of the creditor to rebut the prima facie effect of the proof of claim. However, the burden of ultimate persuasion rests with the claimant.'" *In re Homelands of DeLeon Springs, Inc.,* 190 B.R. 666, 668 (Bankr.M.D.Fla.1995) citing *In re VTN, Inc.,* 69 B.R. 1005 (Bankr.S.D.Fla.1987).

## The Debtors' Arguments

At the basis of their arguments, the Debtors appear to assert that the Internal Revenue Code does not impose a tax on their income. They state that the definition of gross income in the Internal Revenue Code does not state the specific transaction, activity, or business from which the gross income is derived, and that the statute does not impose a tax.

Next, the Debtors rely on 26 U.S.C. § 6001 and 26 U.S.C. § 6011 for the proposition that the IRS did not provide them with sufficient notice of their tax liability.

Additionally, the Debtors cite 26 U.S.C. § 6871 and 26 U.S.C. § 6872 as the statutes which authorize the IRS to file a proof of claim in their bankruptcy case, but the Debtors assert that the IRS has no power to enforce these statutes because no regulations exist to implement them.

Finally, the Debtors rely on 26 U.S.C. § 7805 for the contention that regulations are necessary to enforce the provisions of the Internal Revenue Code.

The Debtors essentially assert, based on the statutes cited above, that the Internal Revenue Code does not impose a tax on their income, that the IRS has not furnished them with adequate notice of their tax liability as required by the statute, and that the Internal Revenue Code is ineffective to impose any income tax liability on them because no regulations exist to enforce the specific provisions of the Code that relate to income taxes and filing returns for income taxes.

## The Government's Response

In response, the IRS states that the term "taxable income" is defined in the Internal Revenue Code. Further, with respect to § 6001 and § 6011 of the Internal Revenue Code, the IRS stated in response to the Debtors' initial objection to the government's claim:

Section 6001 of the Internal Revenue Code merely imposes a duty on taxpayers to maintain records and make tax returns in compliance with the applicable rules and regulations, and authorizes the Secretary to require the maintenance of records or the making of returns or statements to

reflect whether a taxpayer owes tax. Section 6011 imposes the duty on taxpayers to make returns or statements according to the forms or regulations prescribed by the Secretary. Neither section imposes procedural requirements on the Internal Revenue Service.

Motion by United States to Overrule Debtors' Objection to Claim, filed on February 27, 1996, p. 2 n. 1.

The IRS has not identified any implementing regulations, nor has it explained whether such regulations exist, or why no such regulations are necessary. At the hearing, the IRS asserted only that the statute controls the obligation to pay income taxes, and that regulations have been prescribed for purposes of guidance in some instances, but not in others.

Essentially, the IRS contends that the Debtors have not set forth any legitimate basis for objecting to the IRS's claim, as expressly provided in the Court's Order overruling the Debtors, initial objection to claim.

### Discussion

#### A. Prima facie evidence of validity and amount of claim.

■ Rule 3001 of the Federal Rules of Bankruptcy Procedure relates to the filing of claims in bankruptcy cases. Rule 3001(a) provides that a proof of claim "is a written statement setting forth a creditor's claim" which must conform substantially to the Official Form. Official Form 10 includes entries for the name and address of the creditor, the account number or other means by which the creditor identifies the debtor, a statement of the basis for the claim, the date that the debt was incurred, the classification of the claim, and the amount of the claim. Rule 3001(b) and Rule 3001(c) provide that the claim shall be signed by the creditor or the creditor's authorized agent and, if based on a writing, shall be accompanied by a copy of the writing.

In this case, the claim filed by the IRS substantially conforms to Official Form 10, and includes a statement of the basis for the claim and the classification of the claim as called for by the Form. Additionally, an attachment was filed with the proof of claim which lists each tax claimed, sets forth the applicable tax period for each type of tax, states the date that each tax was assessed, and sets out the amount of each tax, the amount of penalty to the date of the petition with respect to each tax, and the amount of interest accrued to the date of the petition with respect to each tax.

The Court concludes that the proof of claim filed by the IRS in this case was executed and filed in accordance with Rule 3001 of the Federal Rules of Bankruptcy Procedure, and constitutes prima facie evidence of the validity and amount of the claim pursuant to Rule 3001(f).

#### B. Debtors' objections.

As set forth above, the Debtors primarily assert that the Internal Revenue Code does not impose a tax on their income, that the IRS has not complied with the procedural prerequisites of the Internal Revenue Code, and that the IRS is not authorized to file the claim because there is no federal regulation that implements the provisions of the Internal Revenue Code with respect to the claim.

The specific authorities cited by the Debtors, however, do not support the Debtors' assertions.

#### 1. Tax imposed; returns and payment required.

■ A tax is imposed on the taxable income of individuals pursuant to 26 U.S.C. § 1. Taxable income is defined in 26 U.S.C. § 63. For individuals who itemize deductions, the term "taxable income" means "gross income" minus the deductions allowed by Title 26 other than the standard deduction. For individuals who do not itemize deductions, the term "taxable income" means "adjusted gross income" minus the standard deduction and the deduction for personal exemptions provided in § 151. "Adjusted gross income" is defined in § 62, as "gross income" minus certain deductions. Therefore, the "taxable income" of individuals, whether the individuals itemize deductions or not, is based on "gross income." "Gross income" is defined in § 61(a)(1) to include

compensation for services and commissions. The Debtors schedule their income as wages, salary, and commissions, and they have made no assertions that their income is or has been from any other source. Accordingly, the Debtors' income falls within the definition of "gross income," and therefore within the definition of "taxable income."

The requirements for the filing of returns and the payment of income taxes by individuals are also clear. Returns are required to be made by every individual having gross income which equals or exceeds the exemption amount. 26 U.S.C. § 6012(a)(1)(A). A husband and wife may make a single return jointly. 26 U.S.C. § 6013(a). Returns are required for gross income for the taxable year. 26 U.S.C. § 6012(a)(1)(A). The amount of any item of gross income shall be included in the gross income for the taxable year in which it is received by the taxpayer. 26 U.S.C. § 451 *et seq.* Returns made on the basis of the calendar year shall be filed on or before the 15th day of April following the close of the calendar year, and returns made on the basis of a fiscal year shall be filed on or before the 15th day of the fourth month following the close of the fiscal year. 26 U.S.C. § 6072(a). When a return is required, the person required to make such return shall, without assessment or notice and demand, pay such tax at the time and place fixed for the filing of the return. 26 U.S.C. § 6151(a).

This Court reviewed these and other sections of the Internal Revenue Code in *In re Bertelt,* 184 B.R. 603 (Bankr.M.D.Fla.1995), and concluded that "these statutes clearly impose a tax on wages, require the filing of returns with respect to the tax, and require payment of the tax. There is no ambiguity." *Bertelt,* at 607.

### 2. 26 U.S.C. §§ 6001 and 6011; and 26 U.S.C. § 6012.

The Debtors rely on 26 U.S.C. § 6001 and 26 U.S.C. § 6011 for the proposition that the IRS did not provide them with sufficient notice of their tax liability. The Debtors argue that the Internal Revenue Code requires the IRS to "serve notice upon the taxpayer, this includes the application for a

TIN; the type or kind of tax the taxpayer is being held liable for along with the regulations which impose such said type or kind of tax; and the type of statements, forms, and returns the taxpayer is to file."

Section 6001 of the Internal Revenue Code provides:

### § 6001. Notice or Regulations requiring records, statements, and special returns

Every person liable for any tax imposed by this title, or for the collection thereof, shall keep such records, render such statements, make such returns, and comply with such rules and regulations as the Secretary may from time to time prescribe. Whenever in the judgment of the Secretary it is necessary, he may require any person; by notice served upon such person or by regulations, to make such returns, render such statements, or keep such records, as the Secretary deems sufficient to show whether or not such person is liable for tax under this title. The only records which an employer shall be required to keep under this section in connection with charged tips shall be charge receipts, records necessary to comply with section 6053(c), and copies of statements furnished by employees under section 6053(a).

This section is a record-keeping provision which requires taxpayers to maintain sufficient records to enable the IRS to determine their correct tax liability. *Williams v. C.I.R.,* 999 F.2d 760 (4th Cir.) *cert. denied* 510 U.S. 965, 114 S.Ct. 442, 126 L.Ed.2d 376 (1993). The section assumes the existence of a "tax imposed by this title," and requires compliance with rules and regulations concerning records, statements, and returns that the Secretary "may from time to time prescribe."

Section 6011 of the Internal Revenue Code provides, in part:

### § 6011. General requirement of return, statement, or list

**(a) General rule.—** When required by regulations prescribed by the Secretary any person made liable for any tax imposed by this title, or with respect to the collection thereof, shall make a return or

statement according to the forms and regulations prescribed by the Secretary. Every person required to make a return or statement shall include therein the information required by such forms or regulations.

The remainder of § 6011 relates to the returns of certain types of corporations, to records involving certain types of exclusions from gross income, and to regulations for returns filed in machine-readable form. As with § 6001, § 6011 assumes the existence of a "tax imposed by this title," and provides that persons liable for such tax shall make a return or statement "when required by regulations prescribed by the Secretary" and "according to the forms and regulations prescribed by the Secretary."

The regulations, at 26 C.F.R. § 1.6011–1(a), reiterate the requirement that every person subject to any tax shall make such returns or statements as are required by the regulations.

At this point, the Court notes that 26 U.S.C. § 6012 provides that returns with respect to income taxes shall be made by every individual having gross income which equals or exceeds the exemption amount. Further, at 26 C.F.R. § 1–6012–1(a), the regulations provide that an income tax return must be filed by every individual for each taxable year during which he receives $750 or more of gross income, and 26 C.F.R. § 1.6012–1(b) prescribes Form 1040 for general use in making the required return. Additionally, 26 C.F.R. § 1.6011–1(b) provides that copies of the prescribed return forms will so far as possible be furnished taxpayers by the district directors, but that a taxpayer will not be excused from making a return by the fact that no return form has been furnished to him. The regulation also states that taxpayers not supplied with the proper forms should make application therefor to the district director. The regulation further states that in the absence of a prescribed form, a statement made by a taxpayer disclosing his gross income and the deductions therefrom may be accepted as a tentative return, and if filed within the prescribed time, the statement so made will relieve the taxpayer from liability for the addition to tax imposed for the delinquent filing of the return.

Accordingly, it appears that regulations have been adopted to implement the provisions of 26 U.S.C. §§ 6001, 6011, and 6012.

### 3. 26 U.S.C. sections 6871 and 6872.

Next, the Debtors cite 26 U.S.C. § 6871 and 26 U.S.C. § 6872 as the statutes which authorize the IRS to file a proof of claim in their bankruptcy case, but they assert that the IRS has no power to enforce these statutes because no regulations exist to implement them.

Section 6871 provides:

**§ 6871. Claims for income, estate, gift, and certain excise taxes in receivership proceedings, etc.**

.    .    .    .    .

**(b) Immediate assessment with respect to certain title 11 cases.—** Any deficiency (together with all interest, additional amounts, and additions to the tax provided by law) determined by the Secretary in respect of a tax imposed by subtitle A or B or by chapter 41, 42, 43, or 44 on—

(1) the debtor's estate in a case under title 11 of the United States Code, or

(2) the debtor, but only if liability for such tax has become res judicata pursuant to a determination in a case under title 11 of the United States Code,

may, despite the restrictions imposed by section 6213(a) on assessments, be immediately assessed if such deficiency has not theretofore been assessed in accordance with law.

The purpose of this section is to provide for the immediate assessment of a tax in certain circumstances when a bankruptcy petition is filed, so that the government may promptly file its proof of claim in the bankruptcy case and not delay the administration of the case by waiting for a determination of the tax by the Tax Court.

Section 6872 provides:

**§ 6872. Suspension of period on assessment**

If the regulations issued pursuant to section 6036 require the giving of notice by

any fiduciary in any case under title 11 of the United States Code, or by a receiver in any other court proceeding, to the Secretary of his qualification as such, the running of the period of limitations on the making of assessments shall be suspended for the period from the date of the institution of the proceeding to a date 30 days after the date upon which the notice from the receiver or other fiduciary is received by the Secretary; but the suspension under this sentence shall in no case be for a period in excess of two years.

This section provides for the suspension of the period of limitations on the making of assessments in certain circumstances.

It appears that regulations have been adopted to implement these sections. *See* 26 C.F.R. § 301.6871(a)–1 *et seq.* These regulations provide that upon the filing of a bankruptcy petition, the district director shall immediately assess any deficiency. 26 C.F.R. § 301.6871(a)(1)(a). Additionally, the regulations provide that the district director should file a proof of claim covering such liability in the court in which the bankruptcy proceeding is pending. 26 C.F.R. § 301.6871(a)(2)(b).

### 4. 26 U.S.C. § 7805.

Finally, the Debtors rely on 26 U.S.C. § 7805 for the contention that regulations are required to enforce the provisions of the Internal Revenue Code, and that appropriate regulations have not been adopted. Section 7805(a) provides:

§ 7805. **Rules and Regulations**

(a) **Authorization.**— Except where such authority is expressly given by this title to any person other than an officer or employee of the Treasury Department, the Secretary shall prescribe all needful rules and regulations for the enforcement of this title, including all rules and regulations as may be necessary by reason of any alteration of law in relation to internal revenue.

As discussed above, it appears that the Secretary has prescribed such regulations as are necessary with respect to the taxes imposed on the income of the Debtors, and the requirements that they file returns and pay the tax.

### Conclusion

 The Debtors admittedly have earned and received income in the years prior to the filing of their bankruptcy petition. The IRS has filed a proof of claim which is prima facie evidence of the validity and amount of the claim. The Debtors have not shown that they are not indebted to the IRS, that the IRS is not authorized to assess an income tax against them, or that any other defects affect the enforceability of the claim.

Accordingly, for the reasons expressed above, the Objection to Claim filed by the Debtors should be overruled, and the Motion by United States to Dismiss Contested Matter should be granted.

Therefore:

**IT IS ORDERED** that:

1. The Objection to the Claim of the Internal Revenue Service filed by the Debtors, William Charles Busch and Diane Cluthe Busch, is overruled.

2. The Motion by United States to Dismiss Contested Matter is granted.