**In re Stanley E. NYGAARD, Terri Nygaard, Debtors.**

**Bankruptcy No. 96–9623–8B3.**

United States Bankruptcy Court, M.D. Florida, Tampa, Division.

Oct. 22, 1997.

Stanley E. Nygaard and Terri Nygaard, Brandon FL, Pro se.

Terry E. Smith, Bradenton, FL, Trustee.

## ORDER ON DEBTORS' NOTICE OF FRAUD AND MOTION TO REINSTATE

THOMAS E. BAYNES, Bankruptcy Judge.

THIS CAUSE came on for consideration upon the Debtors' Notice of Fraud and Motion to Reinstate their Chapter 13 case. The Court considers this Motion to be a timely motion for reconsideration of the Order Denying Confirmation and Dismissing Case entered October 6, 1997. The Court finds the following:

On July 24, 1996, Debtors filed their Chapter 7 petition in bankruptcy *pro se.* On October 28, 1996, subsequent to the Section 341 Creditors Meeting, Debtors voluntarily converted their case to one under Chapter 13. On January 16, 1997, this Court entered its Pre-Confirmation Order to Pay the Trustee and Concerning the Filing of Tax Returns, Motions to Value Collateral and/or Void Liens and Objection to Claims. That Order specifically required Debtors to file all state and federal tax returns as a condition precedent to confirmation of Debtors' Plan and stated the failure to file such returns would be a basis for dismissing the case. On January 21, 1997, the Chapter 13 Trustee filed an unfavorable recommendation to the confirmation of Debtors' Plan based on the Debtors' failure to file their federal income tax returns for the years 1992 through 1995.

On June 9, 1997, at the scheduled confirmation hearing, Debtors stated they had not filed their income tax returns. This Court orally reiterated to Debtors they were required to file their income tax returns pursuant to this Court's January 16, 1997, Order, and thereafter, by Order dated June 20, 1997, continued the confirmation hearing and, again, ordered the Debtors to file their income tax returns for the years 1992, 1993, 1994, 1995 and 1996 no later than July 31, 1997. The June Order specifically set forth the names and addresses of the recipients of such tax returns. On September 15, 1997, the rescheduled confirmation hearing was held and Debtors stated they had not filed their tax returns. This Court dismissed their case with prejudice as set forth in its October 6, 1997, Order.

■■■ Generally, these taxpayers take the position they are not required to file tax returns, they do not know what tax returns to file, and this Court does not have the authority or power to require them to file tax returns. None of these arguments have merit. Clearly, federal law requires debtors to file tax returns. *In re Bertelt,* 184 B.R. 603 (Bankr.M.D.Fla.1995); *In re Busch,* 213 B.R. 390 (Bankr.M.D.Fla.1997). Debtors' argument that they do not know which tax form to file is spurious. Not only does the proof of claim of the Internal Revenue Service filed in September 1997 suggest Debtors have filed their tax returns for 1989, 1990 and 1991, but Debtors were savvy enough to request this Court to hold in contempt their pension trustees for not releasing funds after the Internal Revenue Service released its post-petition liens against such funds pursuant to 11 U.S.C. § 362.

For many years now, this Bankruptcy Court has required, in all Chapter 11, 12 and 13 cases, that debtors file all their state and federal income tax returns, both pre and post-petition. There are two pragmatic reasons which support requiring the tax returns to be filed. First, by the filing of the tax returns, a significant portion of the Internal Revenue Service's claim will become estab-

lished and in most, if not all, cases the claim of the Internal Revenue Service is substantially reduced.[1] If Debtors are correct that they owe no taxes for 1992 through 1995, then filing their tax returns for these years would reduce the IRS claim by approximately $170,000.

Second, this Court believes the essence of confirming a Chapter 13 case is feasibility. Rule 3001(f) of the Bankruptcy Rules of Procedure provides that the evidentiary effect of a proof of claim constitutes prima facie evidence of the validity and amount of the claim. If this Court were to allow the Debtors to file an objection to claim predicated on the Internal Revenue Service having estimated the Debtors' tax liability in the absence of filed returns, it would be a fundamental waste of all parties' time and the Court's judicial energies to hold a final evidentiary hearing to determine the exact taxes owed when such could be accomplished by the Debtors' filing of Form 1040 tax returns, especially, where such filing is required by federal law. With the filing of the tax returns, feasibility of any Plan becomes apparent. If the Debtors have a cognizable objection to the IRS' claim based on either federal tax or bankruptcy law, it can be determined through the objection to claim process after the tax returns have been filed.

All these arguments raised by the Debtors in their objection and in the instant Motion to Reinstate the Chapter 13 case have been heard by other courts and rejected. *In re Fuller,* 204 B.R. 894 (Bankr.W.D.Pa.1997); *In re Shabazz,* 206 B.R. 116 (Bankr.E.D.Va. 1996), *aff'd,* 1997 WL 593863 (E.D.Va.1997). It is quite clear this Court has the authority and the power to require the Debtors to file their tax returns as a pre-condition to confirmation. The failure to file such returns when directly ordered by this Court is a basis for dismissal of the case with prejudice. *In re Vines,* 200 B.R. 940 (Bankr.M.D.Fla. 1996).

Finally, Debtors requested this Court recuse itself because, among other things, this Court was in error in dismissing the Chapter 13 case. Similarly, such allegation is without merit. *In re Celotex,* 137 B.R. 868 (Bankr. M.D.Fla.1992). Accordingly, it is

ORDERED, ADJUDGED AND DECREED that Debtors' Notice of Fraud and Motion to Reinstate be, and the same is hereby, denied.

---

1. The Eleventh Circuit's opinion in *United States v. Verdunn,* 89 F.3d 799 (11th Cir.1996) suggests that a debtor may become ineligible for Chapter 13 where the amount in the IRS proof of claims, because of the absence of tax returns, exceeds the eligibility amounts under Section 109(e). *Compare U.S. v. May,* 211 B.R. 991 (M.D.Fla. 1997).