**In re Michael FLEMING, Debtor.**

**Michael Fleming, Plaintiff,**

**v.**

**Thomas E. Baynes, Jr., and United States of America, Defendants.**

**Bankruptcy Nos. 97–06342–8C3, 98–482.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Dec. 8, 1998.

Michael T. Fleming, St. Petersburg, FL, Pro Se Plaintiff.

Steven A. Nisbet, Assistant United States Attorney, Tampa, FL.

John A. Galotto, Trial Attorney, Tax Division, U.S. Department of Justice, Washington, D.C.

*DECISION ON MOTIONS TO DISMISS*

C. TIMOTHY CORCORAN, III, Bankruptcy Judge.

This adversary proceeding came on for consideration of motions to dismiss filed by the defendants, Judge Thomas E. Baynes, Jr., and the United States of America (Documents Nos. 3, 4, 4A). The court entered orders informing the parties that it would hear the motions on the papers and directing the plaintiff to file responsive briefs no later than November 16, 1998 (Documents Nos. 5 and 6). The plaintiff has filed a number of papers that collectively the court interprets to be his opposing brief (Documents Nos. 4B, 13, and 14).

I.

The plaintiff is a *pro se* Chapter 13 debtor in this court. The plaintiff filed his Chapter 13 case on April 21, 1997. According to his schedules filed in the main bankruptcy case, the plaintiff is employed by the Pinellas County School Board as its Director of Transportation. His annual salary is $62,664. When he filed his Chapter 13 case, the clerk assigned the case to Judge Thomas E. Baynes, Jr., under the court's blind judicial assignment program.

Despite the fact the debtor's Chapter 13 case is 20 months old, the debtor has not confirmed a Chapter 13 plan because there exists a dispute between the debtor and the Internal Revenue Service over the amount and validity of the Services' proof of claim. This dispute has not been resolved, largely because of the plaintiff's failure to file tax returns. No confirmation can occur, of course, until this dispute is resolved.

On September 3, 1998, the plaintiff filed this adversary proceeding naming as defendants Judge Baynes and the United States of America. The complaint alleges that Judge Baynes ordered the plaintiff to file tax returns, failing which Judge Baynes would dismiss the bankruptcy case. The plaintiff seeks an order rescinding Judge Baynes' order requiring the filing of tax returns. In addition, the plaintiff seeks monetary damages against Judge Baynes and the United States.

It is true that Judge Baynes entered an order requiring the plaintiff to file his tax returns. Judge Baynes' order was a standard, pre-confirmation order that all bankruptcy judges in the Tampa and Ft. Myers divisions enter in all Chapter 13 cases. The order included the following provisions:

[T]he Debtor shall, within thirty (30) days from the date of this Order file all required Federal and State tax returns.

* * * *

It shall be a condition for confirmation of the Debtor's plan that the appropriate State and Federal tax returns . . . be timely filed in compliance with this Order.

[Pre-confirmation Order entered on June 26, 1997, Main Case Doc. No. 10].

On January 7, 1998, the plaintiff's case came on for confirmation hearing of the plaintiff's Chapter 13 plan and for hearing of the United States' motion to dismiss. The government sought dismissal because the plaintiff failed to file his tax returns in violation of the pre-confirmation order, prejudicing the government and creating prejudicial delay for all creditors within the meaning of Section 1307(c) of the Bankruptcy Code. Instead of denying confirmation and dismissing the case, Judge Baynes continued the confirmation hearing to April 15, 1998, and further ordered that:

The Debtor shall file his 1992, 1993, 1994, 1995 and 1996 federal income tax returns with the Internal Revenue Service Center, Atlanta, Georgia 39901 and the Internal Revenue Service, Special Procedures Function, P.O. Box 35045, Stop 5720 P & I 1, Jacksonville, Florida 32202–4437, all with original signatures, with copies to the Chapter 13 Trustee and the U.S. Attorney, all on or before March 6, 1998.

[Order Continuing and Rescheduling Confirmation Hearing, etc., entered on January 21, 1998, Main Case Doc. No. 26].

At the April 15 continued confirmation hearing, Judge Baynes again continued the confirmation hearing to September 9, 1998, to permit the plaintiff still additional time to file his tax returns. [Order of May 6, 1998, Main Case Doc. No. 29].

Less than a week before the September 9 continued confirmation hearing, the plaintiff filed this adversary complaint. Judge Baynes entered an order recusing himself as judge in the plaintiff's bankruptcy case. The clerk then assigned the case to the undersigned judge under the court's blind judicial assignment program.

## II.

The district court has jurisdiction of this adversary proceeding and the parties pursuant to the provisions of 28 U.S.C. § 1334. This adversary proceeding is a proceeding arising under the U.S. Bankruptcy Code or arising in or related to the plaintiff's bankruptcy case. *See Wood v. Ghuste (In re Wood),* 216 B.R. 1010, 1013–14 (Bankr. M.D.Fla.1998). Pursuant to the standing, general order of reference entered by the district court, that court has referred the matter to the bankruptcy court as permitted by Section 157(a).

■ To the extent the plaintiff seeks an order rescinding Judge Baynes order to file tax returns, the proceeding is a matter concerning the administration of the estate and part of the process of the allowance and disallowance of claims. It is a "core" proceeding within the meaning of 28 U.S.C. § 157(b).

■ To the extent the proceeding seeks monetary damages against Judge Baynes and the United States as a consequence of Judge Baynes' service as judge in the plaintiff's bankruptcy case, the proceeding is also a "core" proceeding. It is analogous to a post-petition state law claim asserted by or against a trustee in bankruptcy or the trustee's agents for conduct arising out of the sale of property belonging to the bankruptcy estate. The majority of decisions hold that such claims are "core" proceedings. *Maitland v. Mitchell (In re Harris Pine Mills),* 44 F.3d 1431, 1437 (9th Cir.), *cert. denied,* 515 U.S. 1131, 115 S.Ct. 2555, 132 L.Ed.2d 809 (1995).

■ At the very least, the claim for monetary damages is "related to" the bankruptcy case because its determination could affect the distribution to creditors. If this

claim is therefore merely a "non-core" proceeding within the meaning of 28 U.S.C. § 157(c), the two claims—the claim to vacate the order requiring the filing of taxes and the monetary damages claim—are hopelessly and inextricably intertwined. In that event, the court may and would treat the entire proceeding as a "core" proceeding. *Id.* at 1438.

Accordingly, the court will enter final, dispositive orders in this adversary proceeding subject, of course, to appellate review in the district court pursuant to the provisions of 28 U.S.C. § 158 and Part VIII of the Federal Rules of Bankruptcy Procedure.

### III.

■ The plaintiff first complains that Judge Baynes entered an order requiring him to file tax returns. He seeks an order vacating or rescinding that requirement.

All of the bankruptcy judges in this district enter orders in all Chapter 13 cases containing requirements that the debtor file tax returns. The purpose of these provisions, of course, is to ensure that the debtor files his returns so that the taxing authorities can meaningfully determine the debtor's tax liabilities and file appropriate proofs of claim and so that the court can determine tax claims litigation, if need be, before the confirmation hearing. If the debtor fails to file his tax returns and thereby delays confirmation, the taxing authority is prejudiced because the automatic stay prevents it from collection activities despite the fact the debtor is delaying the resolution of his dispute with the taxing authority. The delay in the resolution of the dispute delays payment to the taxing authority if there is a tax liability. Such a delay prejudices all other creditors, as well, because no distribution to any creditor may be made until a plan is confirmed. 11 U.S.C. § 1326(a)(2).

Bankruptcy courts, therefore, have consistently required debtors to file tax returns as a condition of obtaining relief under Chapter 13 of the Bankruptcy Code, and appellate courts have consistently upheld these bankruptcy court requirements. *See, e.g., White-*

*head v. United States,* 1997 WL 732503 (M.D.Fla.1997), *aff'd,* 157 F.3d 906 (11th Cir. 1998); *Vines v. Internal Revenue Service (In re Vines),* 200 B.R. 940, 945–46 (M.D.Fla. 1996); *In re Cobb,* 216 B.R. 676, 680 (Bankr. M.D.Fla.1998); *In re Nygaard,* 213 B.R. 877, 879 (Bankr.M.D.Fla.1997). *Cf. In re Bertelt,* 206 B.R. 587, 591 (Bankr.M.D.Fla.1996).

Judge Baynes' orders are consistent with the principles stated in these authorities. Putting aside the question of whether this adversary proceeding is an appropriate procedural way in which to seek relief from Judge Baynes' orders requiring the filing of the tax returns,[1] it is abundantly clear that Judge Baynes' orders were entirely lawful and proper. Plainly, the debtor has offered nothing to cause the court to vacate or rescind those orders. His adversary complaint clearly fails to state a claim upon which such relief can or should be granted.

### IV.

In his adversary complaint, the plaintiff also seeks monetary damages from Judge Baynes and the United States. The gravamen of the plaintiff's damage claim appears to be that Judge Baynes intimidated the plaintiff by ordering the filing of tax returns and that the plaintiff is not required by law to file returns. The authorities cited in Part III above, however, plainly demonstrate that the plaintiff is required by law to file returns.

■ Regardless of the legal validity and correctness of Judge Baynes' orders, the plaintiff's complaint relates to acts performed by Judge Baynes in furtherance of his official duties as assigned judge in the plaintiff's bankruptcy case. As a consequence, Judge Baynes is absolutely immune from suit for those actions. *Mireles v. Waco,* 502 U.S. 9, 12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). Not only was Judge Baynes acting directly in his judicial role as assigned judge in this case, he was also squarely acting within his jurisdiction by requiring the filing of the returns, as the authorities cited in Part III above demonstrate. This immunity is not destroyed when a plaintiff adds adjectives to the com-

---

1. F.R.B.P. 9023 and 9024 appear to provide the appropriate procedural vehicles to seek relief from orders. F.R.B.P. 7001, providing for adversary proceedings, does not.

plaint or allegations of bad faith, malice, and the like. *Id.* at 11, 112 S.Ct. 286.

■ The plaintiff's claim for damages against the United States appears to be based on a vicarious liability theory. The United States, however, cannot be liable for Judge Baynes' acts even if otherwise actionable because the United States is sovereignly immune and has not consented to suit. *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). Congress has not waived this sovereign immunity in any statute of which the court is aware. Although the Congress has waived sovereign immunity in the Bankruptcy Code in certain circumstances, the plaintiff's claim is not based on any of those circumstances. *See* 11 U.S.C. § 106(a)(1). Moreover, the filing by the Internal Revenue Service of a proof of claim in this case does not constitute a waiver of sovereign immunity because the claim alleged by the plaintiff does not arise out of the same transaction or occurrence out of which the Services' proof of claim arises. 11 U.S.C. § 106(b).

■ Were the court to construe the complaint as a *Bivens* claim against Judge Baynes, the allegations of the complaint plainly fail to state a claim for which relief can be given. This complaint clearly lacks the detailed fact pleading required in circumstances where federal officials are sued personally. *Butz v. Economou,* 438 U.S. 478, 507–08, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978); *Fullman v. Graddick,* 739 F.2d 553, 556–57 (11th Cir.1984).

### V.

For the foregoing reasons, the plaintiff's adversary complaint fails to state a claim upon which relief can be granted. Accordingly, the court hereby grants the defendants' motions to dismiss with prejudice. The court will enter a separate judgment in accordance with this decision.

DONE AND ORDERED.